LÓPEZ, PLAINTIFF AND APPELLANT, *v.* LÓPEZ ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan, Section 1, in an Action of Filiation and for Designation of Heirs.

No. 1452.—Decided May 12, 1916.

FILIATION—NATURAL CHILD—CERTIFICATE OF BIRTH—POSSESSION OF STATUS OF FILIATION.—Section 198 of the Revised Civil Code, which provided that the filiation of children should be proved by the certificate of the birth issued by

the civil registry, by the possession of the status of filiation or by any other legal means, had no wider scope than to establish the means by which acknowledgment could be proved.

ID.—ID.—ACKNOWLEDGMENT—LEGITIMATE CHILD.—An action of filiation is necessary when the status of natural child is not established by an act of acknowledgment made in a solemn and authentic manner, so that the acknowledged natural child may show his status as such in the same way as a legitimate child.

ID.—ID.—LETTER OF ACKNOWLEDGMENT—ACT OF ACKNOWLEDGMENT—AUTHENTIC DOCUMENT.—Although a letter written by a putative father to the child calling him his son and authorizing him to use his surname is an act of acknowledgment and can be used as evidence in an action for acknowledgment, it is not a document executed in a solemn and authentic manner so as to relieve the child from bringing such action.

ID. — ID. — ACTION TO RECOVER INHERITANCE — ACKNOWLEDGMENT — AUTHENTIC DOCUMENT.—When a plaintiff only brings an action to recover an inheritance, deeming an action for acknowledgment unnecessary, and fails to allege that he has been acknowledged in a solemn and authentic manner, he has no cause of action.

ID.—ID.—PRESCRIPTION.—Although under article 137 of the Civil Code of 1889 a natural child born in the year 1881 or 1882 could bring an action of filiation during the life of his putative father, as that article was amended by section 199 of the Revised Code in the sense that such action can. be brought only within two years after the child becomes of age, or, if he had attained his majority in 1902, only within two years after the said code went into effect, he cannot in November, 1915, avail himself of the provisions of the law of March 9, 1911, to bring such action because it had already prescribed.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for the appellant.

*Mr. Henry G. Molina* for the appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On November 16, 1915, the plaintiff and appellant, Guadalupe López, filed a complaint in the District Court of San Juan, Section 1, against María Alejandrina and Luis López y Jesús, praying that as the acknowledged natural child of Alejandro López Fernández he be adjudged his intestate heir to one-third of his property.

The material allegations of the complaint are as follows:

That on July 31, 1915, Alejandro López Fernández died unmarried and intestate in the town of Río Grande.

That by an order of the District Court of San Juan of

November 5, 1915, two acknowledged natural children of
Alejandro López, namely, defendants María Alejandrina and
Luis López, were declared to be his intestate heirs.

That the plaintiff was born in Loíza in the year 1881 or
1882 and is the natural son of Alejandro López, who acknowl-
edged him as such in a letter in his possession, which reads
as follows:

"Río Grande, December 18, 1905.—Dear Lupito: I now answer
your letter, whose contents I have noted. I have good reports of
your conduct and trust that you will always preserve an immaculate
honesty, which is the finest escutcheon a man can display. In this
hope I authorize you to use my surname. Keep this letter, which
is sufficient to prove at all times that you are my son. The best
return you can make to me is to conserve unsullied the name which
I give you. Your father, (Signed) Alejandro López."

The defendants demurred to the complaint on the ground
that it did not state facts sufficient to constitute a cause of
action and the court sustained the demurrer on the ground
that the action of filiation had prescribed, and by its judg-
ment of December 3, 1915, dismissed the complaint without
special imposition of costs.

From that judgment the plaintiff appealed and in sup-
port thereof alleged that as Alejandro López acknowledged
his filiation by a letter written when section 198 of the Re-
vised Civil Code was in force, it cannot be required that the
acknowledgment should be repeated in a public instrument;
but even supposing that it should be necessary to bring an
action for acknowledgment, such action would not have pre-
scribed because it was brought within the time fixed by sec-
tion 194 of the Civil Code, as amended by section 1 of Act
No. 73 of March 9, 1911, or within one year after the death
of his putative father.

Section 198 of the Revised Civil Code cited by the appel-
lant provided that the filiation of children should be proved
by the certificate of birth issued by the civil registry, by the
possession of the status of filiation, or by any other legal

means. That section can have no wider scope than its text indicates, namely, to establish the means by which acknowledgment could be proved.

Alejandro López undoubtedly performed an act of acknowledgment when he wrote the plaintiff the letter copied into the complaint and thereby placed him in a position to utilize the same as evidence in an action for acknowledgment and thus compel Alejandro López to acknowledge the plaintiff's filiation pursuant to subdivision 1 of section 189 of the said code, according to which a father is obliged to recognize his illegitimate child when there exists an unquestioned statement in writing made by him expressly acknowledging his paternity.

By the said letter the plaintiff did not acquire the status of acknowledged natural son of Alejandro López nor was he relieved from bringing the action for acknowledgment, for we have held repeatedly that an action of filiation is necessary when the status of natural child has not been established by an act of acknowledgment made in a solemn and authentic manner so that the acknowledged natural child may show his status as such the same as if he were a legitimate child. *Amsterdam* v. *Puente,* 16 P. R. R. 527; *Matienzo* v. *Morales et al.,* 16 P. R. R. 553; *Rijos* v. *Folgueras,* 16 P. R. R. 593; *Calaf* v. *Calaf,* 17 P. R. R. 185; *Peñagarícano* v. *Peñagarícano et al.,* 19 P. R. R. 472.

The letter alleged to be proof of the acknowledgment is not a solemn and authentic document.

If it should be held that the complaint only sets up an action to recover an inheritance because an action for acknowledgment was deemed unnecessary, as the plaintiff failed to allege that he had been acknowledged in a solemn and authentic manner he would have no cause of action. *Matienzo* v. *Morales et al., supra; Castro* v. *Solís et al.,* 19 P. R. R. 645.

The Act of March 9, 1911, is not applicable to the appellant.

According to the complaint, the plaintiff was born in the year 1881 or 1882, and pursuant to article 137 of the Civil Code of 1889, he could have brought his action of filiation during the life of his putative father; but that article was modified by section 199 of the Revised Code, which provides that the action to claim filiation can be brought only within two years after the child becomes of age, or if he had attained his majority in 1902, only within two years after the said code went into effect, a construction which is necessary in order to make said section 199 constitutional.

The plaintiff did not bring the action of filiation within the two years allowed him by section 199 of the Revised Civil Code, but only on November 16, 1915, when his action had prescribed. The statute cited cannot revive a right which has expired. *De Jesús* v. *Succession of Pérez Villamil,* 18 P. R. R. 392; *Roble* v. *Succession of Pérez,* 18 P. R. R. 894; *Osorio* v. *Succession of Pérez,* 18 P. R. R. 896; *Orta* v. *Arzuaga et al., ante* p. 241.

The judgment appealed from should be

*Affirmed.*

Justices Wolf, del Toro and Aldrey concurred.
Mr. Justice Hutchison concurred in the judgment.